08-3091-cv
Bhatia v. Shelton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand ten.

PRESENT:
>        ROBERT D. SACK,
>        ROBERT A. KATZMANN,
>                *Circuit Judges*,
>        RICHARD J. SULLIVAN,[*]
>                *District Judge*.

_____

Ajai Bhatia,

>        *Plaintiff-Appellant*,

>        v.                                             No. 08-3091-cv

City of Shelton, Shelton Police Dept., Ben Trabka,

>        *Defendants-Appellees*.

_____

For Appellant:                          AJAI BHATIA, *pro se*, Middletown, CT.

For Appellees:                          FRANK J. SZILAGYI, Silvester & Daly, Hartford, CT.

_____

[*]Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Ajai Bhatia, appeals *pro se* from a June 12, 2008 order of the district court dismissing his complaint alleging false arrest, false imprisonment, malicious prosecution, and abuse of process claims under 42 U.S.C. § 1983 and the First, Fourth, Ninth, and Fourteenth Amendments and granting summary judgment to the Defendants-Appellees. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews orders granting summary judgment *de novo* and determines whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).

This Court requires that either the moving party or the district court provide a *pro se* litigant with notice of the nature and consequences of summary judgment "because the *pro se* litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir.1983)). "[T]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999).

Where the proper notice has not been given, the question is "whether from all of the circumstances, including the papers filed by the *pro se* litigant, it is reasonably apparent that the

2

litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it." *Sawyer v. Am. Fed'n of Gov't Employees*, 180 F.3d 31, 35 (2d Cir. 1999) (discussing *Vital*, 168 F.3d at 621). The failure to provide notice is considered harmless where the *pro se* litigant's subsequent actions demonstrate an understanding of the procedure for summary judgment motions. *See M.B. v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997) (per curiam) (finding that a *pro se* litigant who filed a 27-page declaration of facts with 104 pages of exhibits, a 40-page memorandum of law, a cross-motion for summary judgment, and a request for additional discovery understood the nature and consequences of summary judgment).

Here, neither the district court nor the defendants provided notice to fully apprise Bhatia "of the consequences of failing to respond to a motion for summary judgment." *Vital*, 168 F.3d at 620. Moreover, nothing in the record supports the contention that Bhatia independently understood how to respond to the defendants' summary judgment motion for us to deem the lack of notice harmless, as he did not submit affidavits contradicting any of the facts in the defendants' motion, nor did he submit any evidence in support of his claims. Accordingly, we remand this case to the district court in accordance with *Vital*, 168 F.3d at 620.

Additionally, Bhatia seeks sanctions in this Court due to the defendants' attachment of a portion of Bhatia's criminal record in their appellate brief, which record, under Connecticut state law, was deemed to have been "erased" in early November 2003. *See* Conn. Gen. Stat. § 54-142a(a) and (g) (providing that, when a criminal defendant is found not guilty or the charges against him have been dismissed, "all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or

take an appeal, if an appeal is not taken . . .”).  Moreover, after he made an application in state court, Bhatia's records were ordered to be physically destroyed in early November 2006.  *See id.* at § 54-142a(e)(1) (providing that, upon request by the accused, his criminal records may be physically destroyed after "three years have elapsed from the date of the final disposition of the criminal case . . .").  Because the defendants first submitted the records to the district court with their motion for summary judgment, the issue of whether the defendants acted in bad faith by filing the document in district court should have been raised below.  *See Mickle v. Morin*, 297 F.3d 114, 125-26 (2d Cir. 2002) (noting that a federal court has the inherent power to sanction a litigant or counsel for bad-faith conduct).  Accordingly, in light of the fact that this case is being remanded to the district court in accordance with *Vital*, we commend this issue to the district court for its thoughtful consideration of whether the defendants acted in bad faith, given the fact that the defendants had access to an "erased" record and filed the document on the district court's public docket sheet.

To the extent that Bhatia seeks sanctions because (1) the defendants allegedly never served him with their objection to his motion for sanctions; and (2) the charge information as to Bhatia's state court criminal case was still available, as of November 2008, for public viewing through a website provided by the State of Connecticut, those requests are denied.  First, as to the defendants' alleged failure to effect service, Bhatia does not demonstrate that there is "clear evidence" of bad-faith conduct on the part of the defendants.  *See id.*  Moreover, one alleged instance of failure to effect service does not rise to the level of misconduct that necessitates the court's use of its inherent powers to impose sanctions.  *See Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991) (discussing a court's use of its inherent power to impose sanctions where a party

"has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). Second, as to the fact that Bhatia's criminal charge information was still available for public viewing after his criminal record should have been "erased" in late November 2003, there is no indication, and Bhatia fails to allege, that the defendants had control over which records were available for public disclosure.

Finally, Bhatia requests that this Court remove the arrest warrant application from the Court's public docket sheet. We decline to do so. As a general matter, we disfavor sealing in this Court what is a public record in the district court. Whether the document should be sealed should in the first instance be decided in the district court.

For the reasons stated above, the judgment of the district court is VACATED, and we REMAND to the district court to conduct further proceedings in accordance with this decision and for consideration of the claim that the defendants acted in bad faith. We also DENY Bhatia's motion for sanctions regarding (1) the Defendants' failure to effect service; and (2) the fact that his charge information as to his state court criminal case was available, as of November 2008, for public viewing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
