11-3375-cv
Daniel P. Galiotti, Donald P. Galiotti v. Michael Green, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:   ROBERT A. KATZMANN,
           RICHARD C. WESLEY,
           PETER W. HALL,
                    *Circuit Judges*,

─────────────────────────────────────────────────────────────

DANIEL P. GALIOTTI, DONALD P. GALIOTTI,

                    *Plaintiffs-Appellants*,

JAMES GALIOTTI,

                    *Plaintiff*

                    - v -                    No. 11-3375-cv

MICHAEL GREEN, Individually and in his Official Capacity as District Attorney for Monroe County, STEFANIE L. GUIDO, Assistant District Attorney, in her Official Capacity as an Assistant District Attorney for the Monroe County District Attorney's Office, Monroe County,

                    *Defendants-Appellees,*

CHARLES WADDINGTON, New York State Insurance Frauds Bureau Investigator, Individually and in his Official Capacity, CITY OF ROCHESTER, MONROE COUNTY AMERICAN AUTOMOBILE ASSOCIATION, AAA, SAFECO INSURANCE COMPANY, NEW YORK STATE POLICE, AUTO THEFT UNIT, CITY OF ROCHESTER POLICE DEPARTMENT, MONROE COUNTY SHERIFFS OFFICE, NEW YORK STATE

INSURANCE FRAUDS BUREAU, GARY S. SULLIVAN, New York State Insurance Frauds Bureau Investigator, Individually and in his Official Capacity, MARK WILLIAMS, Investigator, Individually and in his Official Capacities,

*Defendants.*

---

For Plaintiffs-Appellants:        STEVEN LAPRADE (Christina A. Agola, *on the brief*), Christina A. Agola, PLLC, Brighton, N.Y.

For Defendants-Appellees:        MICHAEL ROMANCE CRAIN, Monroe County Department of Law, Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Daniel P. Galiotti and Donald P. Galiotti (collectively the "plaintiffs" or the "Galiottis") appeal from a July 21, 2011 judgment of the United States District Court for the Western District of New York (Telesca, *J.*), entered in accordance with a decision and order dated July 19, 2011, granting defendants' motion for summary judgment and dismissing the plaintiffs' complaint. On behalf of the Monroe County District Attorney's Office, Defendants-Appellees Michael Green and Stefanie L. Guido (the "defendants") prosecuted the Galiottis for automobile insurance fraud. Following a bench trial, a state court judge dismissed each count of the indictment. Thereafter, plaintiffs filed a complaint alleging a series of claims under 28 U.S.C. § 1983 against the defendants. We assume the parties' familiarity with the underlying facts and procedural history of this case.

The Galiottis argue that the district court erred in treating a motion filed at the close of discovery and titled a "Motion for Summary Judgment Pursuant to Rule 12(b)(6)" as a motion

for summary judgment pursuant to Federal Rule of Civil Procedure 56. We disagree. When defendants filed their inartfully titled motion, the period for filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) had long since ended, as had discovery. Additionally, in its text, the defendants' brief expressly requested summary judgment and cited the relevant legal standard. Defendants also appended to the brief extrinsic evidence in support of their motion. Finally, in more than one request to the district court for an extension of time to respond, the plaintiffs referred to the defendants' motion as one for summary judgment, thereby indicating that they were aware of the nature of the motion and the potential consequences of failing to respond to it with evidence outside the pleadings.

Even if we were to treat the defendants' motion as initially requesting relief pursuant to Rule 12(b)(6), the district court did not err in converting it to a motion for summary judgment under Rule 56. Federal Rule of Civil Procedure 12(d) provides that:

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

*Id.* "Accordingly, a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give 'sufficient notice to an opposing party and an opportunity for that party to respond.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)). Formal notice, however, is "[o]rdinarily . . . not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the

3

pleadings.'" *Id.* (quoting *Villante v. Dep't of Corr.*, 786 F.2d 516, 521 (2d Cir. 1986)). "Even where only the party moving to dismiss has submitted extrinsic material such as depositions or affidavits, the opposing party may be deemed to have had adequate notice that the motion to dismiss would be converted." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (internal quotation marks omitted).

Plaintiffs had more than adequate notice that the defendants' motion could be treated as one for summary judgment. Additionally, plaintiffs were granted numerous extensions of time to file their opposition brief. Instead of using this time to prepare a substantive response to the defendants' motion, plaintiffs' opposition brief requested a further opportunity to respond. The district court did not err by denying this final request.

We have considered the Galiottis' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4