Vayani v. Pohani

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of June, two thousand eighteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges,*
> RICHARD J. SULLIVAN,*
> > *District Judge.*

_____

**Abdul Khaliq Vayani, Security Guard, 146 West 29th Street Owners Corporation,**

> *Plaintiff-Appellant*,

> **v.**                                               17-2767

**146 West 29th Street Owners Corporation, Berik Management, Managing 146 Building, President Rikin Sheth, Berik Management, Geeta Pathak, Former Accountant Verik Management, Local Union 32BJ SEIU, Michael Fishman, Union Trustees for all benefit funds: Former Chairman of the Building Service 32BJ Benefit Funds,**

---

\* Judge Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

**Former President Trustee Local Union 32BJ and Present Vice President SEIU Washington, Hector J. Figueroa, Union Trustees for all benefit funds: President and former Secretary Treasurer, Local 32 BJ, SEIU President and Trustee Local Union 32 BJ, SEIU, Todd Jenning, Officer Union 32BJ, Denis Johnston, Vice President Union 32BJ, Mike Graham, Officer Union 32BJ, Thomas Giordano, Officer Union 32BJ, Address: 25 West 18th St., New York, NY 10011, Howard I. Rothschild, Employer Trustees for all benefit funds: Secretary of the Building Service 32BJ Benefit Funds and President of the Realty Advisory Board of Labor Relations, Inc., John Santora, Employer Trustees for all Benefit Funds: Chief Operating Officer and Executive Vice President, Asset Services, Cushman & Wakefiled, Inc., Charles Dorego, Esq. Employer Trustees for All Benefit Funds: General Counsel, Glenwood Management, Ward Fred, Employer Trustees for all benefit funds: Vice President for Labor Relations, One Source, Michael P. Fishman, Union Trustees for all benefit funds: Former Chairman of the Building Service 32BJ Benefit Funds and Former President of Local 32 BJ, SEIU Washington, Kevin J. Doyle, Union Trustees for all benefit funds: Executive Vice President, Local 32 BJ, SEIU, Brian Lambert, Additional Union Trustees: Health Fund: Vice President, Local 32 BJ SEIU, Kyle Bragg, Additional Union Trustees: Pension Fund: Vice President, Local 32 BJ, SEIU, Larry Engelstein, Additional Union Trustees: SRSP: Assistant to the President, Local 32BJ, SEIU, John Pagnotta, Additional Union Trustees: Shortman Fund, District leader, Local 32BJ, SEIU, Lenore Friedlaender, Additional Union Trustees: Legal Fund: Vice President, Local 32BJ, SEIU, Susan Cowell, Executive Director, Building Service 32BJ, 25 West 18 Street, New York, NY 10011-1991, Regine Breton, Building Service 32BJ Benefit Funds Administrators Fund Directors: Pension Fund and SRSP, Angelo Dascoli, Building Service 32BJ Benefit Funds**

**Administrators Fund Directors: Health Fund, Linda Nelson, Building Service 32BJ Benefit Funds Administrators Fund Directors: Shortman Fund, Alan Snyder, Building Service 32BJ Benefit Funds Administrators Fund Directors: Legal Fund,**

*Defendants-Appellees*,

**Tim Rockholt, Service Employment International Union SEIU Washington, Michael Geffner, Union 32 BJ Counsels, RAAB Sturm, Goldman & Ganchrow, LLP, Joseph Labuda Counsel 146 West Building and Berik Management, Milman Labuda Law Group PLLC, Mevani West Side Stores Owner, Chandru Hasso, Michael Prezzels, Rakhani, Kishan Advani, Jay Kapadia, Saman Kukreja, Sanjay Kukreja, Jal Bilmoria, Keshab Raj Seadie, Shamina Khan, Chandru Jotwani, Sanjay Grover, Manu Pohani, Nari Pohani,**

*Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**     Abdul K. Vayani, pro se, Avenel, N.J.

**FOR DEFENDANTS-APPELLEES:**

**SERV. EMPS. INT'L UNION, ET AL.**     Walter M. Meginniss, Jr., Gladstein, Reif & Meginniss, LLP (Olivia Singer, Office of the General Counsel, SEIU Local 32BJ, *on the brief*), New York, N.Y.

**HECTOR J. FIGUEROA, ET AL.**     Ira A. Sturm, Raab, Sturm & Ganchrow, LLP, Fort Lee, N.J.

**146 W. 29TH ST. OWNERS CORP., ET AL.**     Meredith Cavallaro, Paduano & Weintraub LLP, New York, N.Y.

3

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Abdul Vayani, proceeding pro se, appeals from the district court's judgment dismissing his complaint. Vayani sued his employer, a union that represented its employees, and various managers, employees, trustees, and administrators of the employer, the union, and the union's benefit funds ("the Funds"). He alleged principally that the defendants had conspired to prevent him from joining the union and thereby obtaining certain benefits. The defendants moved to dismiss. Because the Funds defendants submitted documents outside the pleadings with their motion to dismiss, the district court converted their motion into a motion for summary judgment. The district court then granted the defendants' motions to dismiss and for summary judgment, reasoning that each of Vayani's claims was either time barred or collaterally estopped by a 2010 arbitration determination that Vayani was not a union member. Vayani appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review a district court's grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party. *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

Upon such review, we conclude that the district court properly dismissed Vayani's claims as collaterally estopped or time barred. Except as noted below, we therefore affirm for substantially the reasons stated by the district court in its thorough August 11, 2017 decision.

Vayani argues that the district court erred when it converted the Funds defendants' motion to dismiss into a motion for summary judgment because he did not have an opportunity to engage in discovery. *See Hernandez v. Coffey*, 582 F.3d 303, 309 (2d Cir. 2009) (holding that a pro se plaintiff was entitled to an opportunity to take relevant discovery before the district court converted a motion for judgment on the pleadings into a motion for summary judgment). But in his Second Amended Complaint, Vayani referred to or relied on all of the documents attached to the Funds defendants' motion. Accordingly, those documents may be viewed as incorporated into his pleading by reference, and were therefore proper subjects for the district court to consider on a motion to dismiss. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 22d, 230-31 (2d Cir. 2016). Moreover, although the district court stated that it had converted the Funds defendants' motion into a motion for summary judgment, the district court did not refer to or apparently rely on any of the materials submitted by the Funds defendants in rendering its decision. Accordingly, notwithstanding the district court's statement, the Funds defendants' motion was, as a practical matter, "not converted into a motion for summary judgment." *Hayden v. Cty. Of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). As a result, dismissal was proper even though Vayani did not have an opportunity to engage in discovery.

We have considered Vayani's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5