*Alford v. NFTA-Metro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

RUTHETTA L. ALFORD,

> *Plaintiff-Appellant,*

> v.                                                                     No. 23-197

NFTA-METRO, ROBERT W. GUISE,

> *Defendants-Appellees.*

———————————————————————

For Plaintiff-Appellant:                   RUTHETTA L. ALFORD, *pro se*, Cheektowaga, NY.

For Defendants-Appellees:              Wayne R. Gradl, Niagara Frontier Transportation Authority, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 13, 2022 judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

Ruthetta L. Alford appeals from a judgment of the district court granting summary judgment in favor of her former employer, NFTA-Metro, and her former supervisor, Robert Guise, pursuant to Federal Rule of Civil Procedure 56. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On June 15, 2021, Alford filed a form *pro se* complaint against NFTA-Metro and Guise (together, "Defendants") asserting claims for employment discrimination based on race and color in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Instead of filing an answer, Defendants filed a combined motion to dismiss pursuant to Federal Rule

2

of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. Along with the motion, Defendants attached various exhibits relevant to the summary judgment motion. Defendants mailed a copy of these materials to Alford, along with a one-page "notice," taken from the district court's website, that is designed to provide guidance to *pro se* litigants on the receiving end of a summary judgment motion. Alford App'x at 20. The notice made no reference to Rule 12(d).[1] The district court thereafter referred the motion to a magistrate judge (Foschio, *M.J.*), who ultimately issued a report recommending that the district court grant summary judgment in favor of Defendants. The district court subsequently adopted the magistrate judge's report in its entirety and entered judgment against Alford. Alford appealed.

We review a district court's grant of summary judgment *de novo*. *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000). Summary judgment is appropriate if, after considering all evidence in the light most favorable to the non-moving party, no genuine issue of material fact remains. *Samuels v. Mockry*,

---

[1] Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion can be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). It also provides that "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." *Id.*

77 F.3d 34, 35 (2d Cir. 1996). But even before addressing a district court's summary judgment ruling, we must first be assured that a *pro se* litigant has been afforded appropriate process and notice. *See Hernandez v. Coffey*, 582 F.3d 303, 308–09 (2d Cir. 2009). We have reversed a district court's judgment where "it is not clear from the record that [the *pro se* plaintiff] had been informed or otherwise understood the nature and consequences of a motion for summary judgment." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir. 1999). We have also made clear that a *pro se* plaintiff facing a motion for summary judgment is "entitled to . . . an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion." *Hernandez*, 582 F.3d at 309. That did not happen here.

At the time Defendants filed their pre-answer motion, Alford had been given no information regarding her ability to request discovery. While it is true that Defendants' brief attached a one-page notice from the district court's website summarizing what is required when a plaintiff wishes to oppose a motion for summary judgment, that notice provided no description of how discovery might aid a plaintiff's response to a pre-answer motion or how a plaintiff might request such discovery.

4

Defendants assert that Alford "made no effort to advise the District Court of specific discovery she needed to unearth identified facts that would support her case." Defs. Br. at 14. But there is nothing in the record to reflect that Alford even knew that she could ask for discovery, much less how she would go about requesting it. As our case law makes clear, that much, at least, is required. *See Hernandez*, 582 F.3d at 309 ("[A] plaintiff [i]s entitled to (i) an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion, and (ii) . . . an explanation of the consequence of a grant of summary judgment, as well as of what [s]he could do to defeat the motion.").

Defendants alternatively argue that discovery would not have mattered in this case, given that Alford's pleadings were woefully deficient and unable to survive even the pleading stage. This may well be true. *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (explaining that offhand comments and isolated incidents are insufficient to create a hostile work environment "unless extremely serious"); *see also Burlington N. & Sante Fe. Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (recognizing that Title VII is not "a general civility code for the American workplace" (internal quotation marks omitted)); *Sealy v. State Univ. of N.Y. at Stony Brook*, 834 F. App'x 611, 615–16 (2d Cir. 2020) (concluding that *pro se* plaintiff's

allegations that supervisor tore down plaintiff's poster of President Obama and launched into a "racially hostile rant" were insufficient to state a hostile work environment claim (internal quotation marks omitted)). But having accepted Defendants' invitation to forgo the motion to dismiss and proceed straight to summary judgment based on Defendants' attachments, the district court was obliged to make sure that Alford received the information required to intelligently respond to *that* motion. On remand, the district court should consider Defendants' motion to dismiss pursuant to Rule 12. But the failure of the court – and Defendants – to provide Alford with the notice required by *Hernandez* leads us to conclude that remand is warranted.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court