*Fredricks v. Shaheen*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

Nigel Fredricks,

> *Plaintiff-Appellant*,

v.                                                                              22-2480

Correction Officer John Shaheen, #5258, individually and in their official capacities; Correction Officer John Richards, #18595, individually and in their official capacities; Andrew Henry, Correction Officer; Alexis Parrilla, Assistant Deputy Warden; Duayne John, Assistant Deputy Warden; Omar Smith, Captain; Travis Richards,

> *Defendants-Appellees*,

Captain Officer John Doe, individually and in

their official capacities; Captain or Deputy John Doe; Captain John Smith, #1651, individually and in their official capacities; Correction Officer John Doe, Post A, individually and in their official capacities; Deputy Officer John Doe, individually and in their official capacities,

*Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**                    Nigel Fredricks, *pro se*, Romulus, NY.

**FOR DEFENDANTS-APPELLEES:**                Jonathan A. Popolow, of counsel, *for* Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *D.J.*; Cott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 13, 2022, judgment is **VACATED** and this matter is **REMANDED** to the District Court for further proceedings.

Nigel Fredricks, an incarcerated person proceeding *pro se*, brought this action pursuant to 42 U.S.C. §1983 asserting that defendants, all of whom are alleged to have been employed as correctional workers at Rikers Island at the relevant time, violated his First and Fourteenth Amendment Rights. Specifically, Fredricks alleges that defendants incited an attack on him by another inmate, failed to protect him from that attack, and/or retaliated against him after he filed a grievance and a lawsuit related to that attack.

2

Defendants moved for summary judgment, and the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the motion be granted. Having received no objections to the R&R, the District Judge reviewed it only for clear error. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). The District Judge adopted that recommendation 41 days later, granted summary judgment for defendants, and closed the case. *See Fredricks v. Parrilla*, 1:20CV05738(AT)(JLC), 2022 WL 4227077 (S.D.N.Y. Sept. 13, 2022). Fredricks now appeals from that decision.

We review a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. *See Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir. 2025). We conclude that a confluence of factors here deprived Fredricks of a meaningful opportunity to oppose summary judgment. Specifically, he was not provided with notice regarding the nature of summary judgment and his obligations in responding to a summary judgment motion, as our precedent requires. This error was further compounded by Fredricks's failure to receive adequate notice pertaining to the R&R, apparently as a result of court confusion about his mailing address.

We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision to vacate and remand.

## I. Notice Regarding Obligations in Responding to Summary Judgment Motion

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (citation and quotation marks omitted). This is particularly true in the context of summary judgment, where, as we have recognized, "it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999) (citation and quotation marks omitted). We therefore require district courts "to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment," and failure to provide such notice "is ordinarily grounds for reversal." *Id.* (citation and quotation marks omitted).

To ensure that appropriate notice is given, the Southern District of New York has adopted a Local Rule requiring: "Any represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion, [a] 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached." S.D.N.Y. Loc. Civ. R. 56.2. The required Notice is set forth, verbatim, in the Local Rules. The version in effect in 2022, when the motion for summary judgment was filed in this case, informed the *pro se* opposing party of the nature of a summary judgment motion, and warned, in relevant part:

4

THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1.

. . .

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

S.D.N.Y. Loc. Civ. R. 56.2 (effective Oct. 15, 2021, through July 1, 2024).

It is undisputed that defendants did not provide Fredricks with the required notice. The R&R acknowledged that failure, but rather than holding the motion in abeyance until proper notice could be given, the Magistrate Judge concluded "that Fredricks understood that he was required to produce evidence opposing the motion" because "Fredricks responded to Defendants' Motion for Summary Judgment with opposition briefing, a Rule 56.1 Statement, and supporting exhibits." Doc. 121 at 15.[1] It is correct that a failure to provide the required notice to "a *pro se* litigant as to the nature of summary

---

[1] Documents filed on the Southern District of New York docket in case number 1:20CV05738 are cited herein as "Doc. [docket entry number] at [page number]."

judgment" does not constitute reversible error if "the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir. 1999) (citation and quotation marks omitted). But the record here is insufficient to make clear that Fredricks understood his obligations under the relevant rules.

Notably, Fredricks did not file a document that was specifically designated as being his response to the summary judgment motion. Rather, he filed several letters indicating that he believed there was still discovery outstanding. *See, e.g.*, Docs. 98, 99, 101, 110, 111. While he filed a document entitled "Notice of Motion for Summary Judgment in Reply to Defendant's Counsel Pursuant to Rule 56 of Civil Procedure Rules of Federal (S.D.N.Y.)," Doc. 105 (capitalization and spelling altered), that one-page document made no argument and attached no exhibits. He filed a document entitled a motion *for* summary judgment, but that attached only a copy of a prison grievance he filed, and again, no affidavit. *See* Doc. 106. Fredricks did file a declaration suggesting that he was providing evidence in opposition to summary judgment but failed to attach the proposed exhibits to this declaration. *Compare* Doc. 104 at 2 (stating that included exhibit is "true and correct copy of plaintiff interrogatory") *with id.* at 4–8 (suggesting no such document included). In any event, none of these submissions shows that Fredricks "understood summary judgment in the way required by *McPherson* and *Vital*." *Hernandez v. Coffey*, 582 F.3d 303, 309 (2d Cir. 2009).

Fredricks also filed a document entitled "Local Rule 56.1 Statement of Material Facts in Reply to the Opposite Motion for Summary Judgment," but it lists only nine statements, none of which responds directly to any of the ninety-six statements of fact asserted in the defendants' Rule 56.1 Statement. Doc. 107 (capitalization and spelling altered); *see also* Doc. 90. In the absence of the required notice, a court could not conclude from such a defective submission that Fredricks understood the scope of his obligation in responding to defendants' motion. "[T]he mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process." *McPherson*, 174 F.3d at 281 (citation and quotation marks omitted). In sum, the record does not support a conclusion that, despite failing to receive the required notice, Fredricks "understood the nature of [defendants'] summary judgment motion and the consequences of not properly opposing it." *Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). As we have stated, "in the absence of explicit notice, the mere existence of a response does not automatically give rise to the inference that a *pro se* litigant understood the nature of a summary judgment motion." *Id.* Here, "the nature of the papers" Fredricks filed "and the assertions made therein" do not demonstrate an understanding of summary judgment. *Vital*, 168 F.3d at 621. Accordingly, the lack of notice was not harmless, and this matter must be remanded to permit Fredricks to oppose summary judgment after receiving the required notice.

## II.    Fredricks's Opportunity to Object to the R&R

That conclusion is reinforced by further concerns about the adequacy of the notice sent to Fredricks regarding events leading to the entry of summary judgment. Throughout this litigation, Fredricks regularly communicated with the District Court, including by filing over a dozen separate notices of change of address. *See, e.g.*, Docs. 7, 20, 54, 56, 60, 64, 84, 87, 117. On April 19, 2022, Fredricks filed his final formal address update in the District Court, indicating that he was then incarcerated at a facility in Elmira. *See* Doc. 117. In June 2022, however, Fredricks submitted documents showing a return address at a correctional facility in Auburn. The District Court appears to have taken note because, on June 30, 2022, the S.D.N.Y. Clerk's Office sent materials to Fredricks at the Auburn address. *See* Doc. 120.

The R&R issued on August 3, 2022; however, the District Court mailed it to Fredricks on Thursday, August 4, 2022, at the Elmira address.[2] On August 16, 2022, the Clerk's Office docketed a letter from Fredricks seeking an extension of time to file objections to the R&R. *See* Doc. 122. That letter was dated August 11 by Fredricks; postmarked (from Auburn) August 12; and received by the Clerk's Office on August 15. *See id.* On Thursday, August 18, 2022, the District Court granted Fredricks an extension of time to object to the R&R through and including August 25, 2022. *See* Doc. 123. That order was mailed to Fredricks at the Elmira address on Friday, August 19, 2022. Even if

---

[2] The "Mailing Receipt," docketed without a number, appears between docket entries 121 and 122.

it had been mailed to the right address (Auburn), it appears unlikely that Fredricks would have received it and have been able to respond within only six days.

The District Judge's order adopting the R&R was issued on September 13, 2022, and mailed to Fredricks at the Elmira address on September 14, 2022; the Judgment was mailed to Fredricks at the Elmira address on September 15, 2022. Four days later – likely before either the R&R or judgment arrived at Elmira, let alone reached Fredricks in Auburn – Fredricks wrote a letter to the District Court dated September 19, 2022, requesting "a second extension of time on the report-recommendation." Doc. 126. This suggests that he was unaware the R&R had been adopted and judgment issued. Indeed, in his Notice of Appeal filed September 28, 2022, Fredricks stated that he had been "oblivious" that his first request for an extension of time to object "was ever granted." Doc. 127.

This record suggests that Fredricks had reason to think that the District Court had his correct mailing address (in Auburn) as of June 2022, despite his failure to file a formal address change. He failed to receive notice of significant court actions after that time, however, because the Court mailed such notices to Elmira. The lack of notice regarding the Court's actions resulted in Fredricks's failure to file an objection to the R&R, which was therefore adopted by the District Judge without *de novo* review. This

compounds the error arising out of the failure to provide Fredricks with notice of the nature of summary judgment.[3]

## III. Conclusion

We conclude from the totality of the circumstances described that Fredricks was not afforded a meaningful opportunity to oppose defendants' motion for summary judgment. The "opportunity to be heard plays an important role in establishing the fairness and reliability of" court orders, *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999), and Fredricks was not afforded that opportunity here. We offer no view on the merits of the summary judgment motion; it may well be that on remand, Fredricks is unable to establish a genuine dispute of material fact sufficient to permit this matter to proceed to trial. But he is entitled to the opportunity to try.

Accordingly, we **VACATE** the judgment of the District Court and **REMAND** this matter for further proceedings in accordance with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] On this record, we also reject defendants' argument that Fredricks waived appellate review by failing to object to the R&R.