12-4028-cv
Cancel v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand thirteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.
-----------------------------------------------------------------------
FRANKIE CANCEL,
                    *Plaintiff-Appellant*,


               v.                                    No. 12-4028-cv


CHIBUEZE AMAKWE, YANKARI SQUARE/SOUL II SOUL,
                    *Defendants,*

THE CITY OF NEW YORK, DETECTIVE TIMOTHY O'BRIEN, NYPD IAB INVESTIGATOR, JOHN GIBSON,*
                    *Defendants-Appellees*.
-----------------------------------------------------------------------


FOR APPELLANT:          Frankie Cancel, pro se, New York, New York.

---

\* The Clerk of Court is directed to amend the official caption as shown above.

1

FOR APPELLEES:    Elizabeth I. Freedman, Assistant Corporation Counsel, *for* Michael Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*; Lois Bloom, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Pro se plaintiff Frankie Cancel, who sues under 42 U.S.C. § 1983 for violations of constitutional rights as well as under state law, appeals from a sua sponte order of partial dismissal in favor of defendants Amakwe and Soul II Soul, and from an award of summary judgment in favor of the City of New York ("the City"), Detective Timothy O'Brien, and John Gibson . We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.    Amakwe and Soul II Soul

We review de novo a sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2). See Giano v. Goord, 250 F.3d 146, 149–50 (2d Cir. 2001).    To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Upon such review, we conclude that Cancel's claims against Amakwe and Soul II Soul are without merit for the reasons stated in the district court's order of partial dismissal.

2.    The City, O'Brien, and Gibson

When a motion to dismiss presents material outside the pleadings, a district court may convert the motion into one for summary judgment, provided that the non-moving party receives notice and an opportunity to respond. See Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009); Champion v. Artuz, 76 F.3d 483, 485–86 (2d Cir. 1996). "Where . . . the court simply refers to supplementary materials, but does not rely on them or use them as a basis for its decision," the 12(b)(6) motion need not be converted into a motion for summary judgment. Hayden v. Cnty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

As a preliminary matter, defendants provided Cancel with proper notice that their motion to dismiss might be converted to a summary judgment motion. As Cancel correctly notes, however, the "materials outside the pleadings" in this case are materials that were already part of the record; no affidavits or other evidence were referenced by either party. Moreover, although the magistrate judge's report and recommendation made reference to the record documents in explaining the procedural history of the case, it did not rely on the documents for its ultimate recommendation. In these circumstances,

3

conversion of defendants' motion to one for summary judgment appears to have been unnecessary. No matter. We may "affirm a decision on any grounds supported in the record," Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006), and, as we now explain, even when viewed under the dismissal standard of Rule 12(b)(6), which we referenced with respect to Amakwe and Soul II Soul, Cancel's claims against the City, O'Brien, and Gibson still fail.

Upon de novo review of Cancel's claims against O'Brien, we conclude, as the district court did, that Cancel failed adequately to plead a claim for denial of access to the courts under the First Amendment. To state a denial of access claim, a plaintiff must plausibly allege that a defendant "hindered his efforts" to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Here, Cancel has failed plausibly to allege how O'Brien's purported concealment of the identity of the John Doe defendants or attempt to dissuade him from pursuing the matter hampered his ability to commence a timely state or federal action. Although Cancel also alleged that O'Brien violated his Fourteenth Amendment right to be free from excessive force, the district court correctly concluded that Cancel could properly allege excessive force claims only against Gibson. Cancel does not allege that O'Brien participated in the alleged assault or conspired with his assailant. Thus, Cancel's claims against O'Brien were properly dismissed.

Insofar as Cancel sues Gibson for the unconstitutional use of excessive force, the claim was properly dismissed because Cancel cannot plausibly allege that Gibson or the

4

other John Does serving as private security guards were acting under color of state law as required by 42 U.S.C. § 1983. While we have recognized that a police officer's self-identification and use of a service pistol can constitute acting under color of state law, see Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003), the action at issue must be "made possible only because the wrongdoer is clothed with the authority of state law," West v. Atkins, 487 U.S. 42, 49 (1988). Here, even crediting Cancel's allegation that Gibson identified himself as a police officer, Cancel's theory of the City's delegation of police powers to private businesses is insufficient by itself plausibly to allege that Gibson was acting under color of state law. Gibson was employed by a private business at the time of the alleged assault, and any authority he had over Cancel and other citizens derived solely from that role and was not made possible only because he was "clothed with the authority of state law." Accordingly, Cancel's claims against Gibson were properly dismissed.

Finally, Cancel's claims against the City fail because he does not plausibly allege that he was deprived of a constitutional right pursuant to an official or unofficial municipal policy. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978). A state's licensure or regulation of a private actor's business does not establish a sufficient nexus fairly to attribute the business's actions to the state. See Hollander v. Copacabana Nightclub, 624 F.3d 30, 34 (2d Cir. 2010) (stating that nightclub's liquor license, standing alone, is insufficient to form basis for state action). Thus, neither the City's regulation of nightclubs, nor New York State's requirement that security guards be licensed, transformed Soul II Soul, its owners, or its security guards into state actors or

5

their conduct into state action. Even if Cancel were able to allege with greater specificity that the City was aware that nightclub security guards routinely tussle with citizens, those security guards would not be acting under color of state law.

A municipality's failure to train or supervise an employee, such as Detective O'Brien, can amount to an official policy for which it can be held liable under § 1983. See, e.g., Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007). But to pursue such a claim, Cancel had to allege an actual deprivation of a constitutional right as a result of the City's failure to train or supervise O'Brien in the performance of his official duties. See Monell v. Dep't of Soc. Servs., 436 U.S. at 692. For reasons already described, Cancel cannot allege that he suffered actual injury due to O'Brien's actions. In the absence of such injury, Cancel likewise cannot allege a § 1983 claim against the City based on its failure to train or supervise O'Brien and his fellow officers.

We have considered all of Cancel's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court