Mayo v. Federal Government

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fourteen.

PRESENT:
> Robert A. Katzmann,
> > *Chief Judge,*
> Robert D. Sack,
> > *Circuit Judge*,
> Edgardo Ramos,[*]
> > *District Judge.*

Andrew J. Mayo,

*Plaintiff-Appellant*,

v.                                                                              12-4192

Federal Government, Dr. Ira Jasser, Bronx VA,
Bronx VA Hospital, Johnson and Johnson, Man
VA Hospital, Mann VA,

*Defendants-Appellees*.

---

[*]The Honorable Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                ANDREW J. MAYO, *pro se*, White Plains, NY.

FOR DEFENDANTS-APPELLEES               CARINA HYATT SCHOENBERGER, Assistant United
FEDERAL GOVERNMENT, DR. IRA            States Attorney (Sarah Sheive Normand, Ellen
JASSER, BRONX VA, MAN VA               London, and Benjamin H. Torrance, Assistant
HOSPITAL, MANN VA:                     United States Attorneys, *on the brief*), *for* Preet
                                       Bharara, United States Attorney for the Southern
                                       District of New York, New York, NY.

FOR DEFENDANT-APPELLEE                 JENYA MOSHKOVICH (John D. Winter, *on the
JOHNSON AND JOHNSON:                   brief*), Patterson Belknap Webb & Tyler LLP, New
                                       York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Andrew Mayo, proceeding *pro se*, appeals from a judgment entered by the United States District Court for the Southern District of New York (Ellis, *M.J.*) dismissing his claims for medical malpractice, products liability, and violation of his constitutional right to privacy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A court normally may not look beyond the four corners of the complaint in considering a motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). However, a court may convert a motion to dismiss into a motion for summary judgment by considering extrinsic evidence, as long as the opposing party receives sufficient notice and an opportunity to respond. *See Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009). Here, although the court considered evidence outside of the complaint, the defendants provided Mayo with unequivocal notice of the court's ability to treat their motions as motions for summary

2

judgment. *See id.* Mayo was also afforded the opportunity to submit further evidence, and took advantage of that opportunity. We therefore find that the magistrate judge properly converted the motions before it into motions for summary judgment.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all factual ambiguities and draw all reasonable inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We review *de novo* a district court's determination that a claim is barred by the statute of limitations, *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 140 (2d Cir. 2011), and review its decision not to apply equitable tolling for abuse of discretion, *id*. at 144.

Mayo has not raised any substantive challenge to the district court's legal analysis in his briefing. He has therefore forfeited any such challenge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). In any event, his claims must fail for the reasons articulated in the district court's opinions below.

After an independent review of the record, we conclude that the district court properly found Mayo's claims barred by the respective statutes of limitation. *See* 28 U.S.C. § 2401(b); N.Y. C.P.L.R. §§ 214(5), 214-c(2). We also perceive no abuse of discretion in the district

3

court's decision that Mayo was not entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Castillo*, 656 F.3d at 144 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As Mayo did not show that either of these two elements was met, the district court properly refused to apply equitable tolling.[1]

Finally, the court properly dismissed Mayo's *Bivens* claim because Mayo offered no evidence from which a reasonable jury could conclude that he was subjected to medical experimentation.

We have considered Mayo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We therefore need not resolve whether the FTCA's statute of limitations ever permits equitable tolling. *See Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149, 155 n.8 (2d Cir. 2013).

4