13-3884
*Dabney v. Pegano, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand fifteen.

PRESENT:

AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

BARTRAM YIHNI DABNEY,

*Plaintiff-Appellant,*

-v.-                                                           No. 13-3884

J. PEGANO, Mess Hall Worker sometimes Hearing Officer, Great Meadow Correctional Facility, LIVERMORE, Sergeant, Great Meadow Correctional Facility, W. DRUM, S. HAMEL, and R. LAMB, Corrections Officers, Great Meadow Correctional Facility,

*Defendants-Appellees,*

BRIAN FISCHER, Commissioner, New York State

1

Department of Corrections, ALBERT PRACK, Director of Special Housing Unit, D. DONAHUE, Head Account Clerk, Clinton Correctional Facility, NORMAN BEZIO, Superintendent, Great Meadow Correctional Facility, T. LAVALLEY, Superintendent, Clinton Correctional Facility,

*Defendants*.

_____

FOR PLAINTIFF-APPELLANT:          Kevin P. Mulry, Farrell Fritz, P.C., Uniondale, NY.

FOR DEFENDANTS-APPELLEES:       Martin A. Hotvet, Assistant Solicitor General, Andrea Oser, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-Appellant Bartram Yihni Dabney ("Plaintiff") appeals from a decision of the United States District Court for the Northern District of New York (Suddaby, *J.*) entered on September 30, 2013. The district court granted summary judgment for Defendants-Appellees William Drumm, Scott Hamel, Ronald Lamb, Denis Livermore, and James Pagano (collectively, "Defendants") concluding, *inter alia*, that the Prison Litigation Reform Act of 1995 ("PLRA") bars Plaintiff's excessive force claims brought under 42 U.S.C. § 1983 because he failed to exhaust his administrative remedies. In a February 20, 2014 order, this Court permitted Plaintiff to "proceed to merits briefing of his argument that, pursuant to *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004), he should not have been required to administratively appeal the Inspector General's determination that his claims of excessive force and failure to intervene were unsubstantiated." *Dabney v. Pegano*, No. 13-3884 (2d Cir. Feb. 20, 2014). The order dismissed the remaining issues

2

on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review "*de novo* a district court's ruling on whether a plaintiff has exhausted administrative remedies under the Prison Litigation Reform Act of 1995." *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009). Where, as here, the district court's decision came after a motion for summary judgment, we review the record in the light most favorable to the nonmoving party and affirm only when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision "requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). Though exhaustion is generally mandatory, we have explained that a failure to exhaust administrative remedies may be excused where: (1) the administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances . . . justify the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation marks omitted).

As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate

3

Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir. 2009) (citing 7 N.Y. Comp. Codes R. & Regs. § 701.7 (1999)). Each step of this process has a timeframe in which the decisionmaker must respond to the prisoner. If the decisionmaker does not respond within that timeframe, the prisoner may "appeal[] to the next step" in the process. 7 N.Y. Comp. Codes R. & Regs. § 701.6(g). "The IGP also has an 'expedited' process for harassment grievances, which pertains to '[e]mployee conduct meant to annoy, intimidate, or harm an inmate.'" *Espinal*, 558 F.3d at 125 (quoting 7 N.Y. Comp. Codes R. & Regs. § 701.11 (1999)). These grievances go directly to a superintendent. The prisoner can appeal to the CORC directly from the superintendent's decision or, if the superintendent does not render a decision in a timely fashion, upon expiration of the allotted time. 7 N.Y. Comp. Codes R. & Regs. §§ 701.8(f)-(g).

The IGP did not require Plaintiff to appeal from an adverse report by the Inspector General's Office ("IG") in order to properly exhaust his administrative remedies. A prisoner or a superintendent may ask the IG to investigate a harassment grievance. But such an investigation is not a formal part of the IGP. *See* 7 N.Y. Comp. Codes R. & Regs. § 701.3(f) ("Any . . . action taken by an entity not under the supervision of the [DOCCS] Commissioner is not within the jurisdiction of the IGP."); *id.* § 701.8(f)-(g) (requiring superintendents to render a decision on a harassment grievance within 25 days, regardless of whether they have received the results of an IG investigation). The IG's report does not bind DOCCS, and the IGP does not provide an avenue for

4

prisoners to appeal IG reports that are adverse to their claims. As a result, prisoners, including Plaintiff, need not appeal from an IG's report to satisfy the PLRA's "proper exhaustion" requirement. *See Woodford*, 548 U.S. at 90.

Nonetheless, the district court correctly decided that the PLRA bars Plaintiff's excessive force claims because he did not properly exhaust his administrative remedies and no special circumstances justified his failure to do so.[1] Plaintiff concedes that he did not properly exhaust his administrative remedies. Even assuming that he filed a timely grievance at Great Meadow Correctional Facility ("Great Meadow"), he did not pursue that grievance to the CORC. *See Hernandez*, 582 F.3d at 305 (requiring inmates to "us[e] all steps that the agency holds out, and do[] so *properly*" (internal quotation marks omitted)). After being transferred to Clinton Correctional Facility ("Clinton"), he filed a separate grievance inquiring about the status of his case at Great Meadow. But the IGP requires inmates who have initiated a grievance at one facility to pursue appeals at that original location. *See* 7 N.Y. Comp. Codes R. & Regs. § 701.6(h). Moreover, Plaintiff did not appeal the grievance at Clinton to the CORC. His failure to comply with the IGP's requirement that prisoners appeal their grievances to the CORC means that he did not properly exhaust his administrative remedies.

Even under our pre-*Woodford* case law, Plaintiff has not shown that "special circumstances" justified his "failure to comply with administrative procedural requirements." *Hemphill*, 380 F.3d at 686 (internal quotation marks omitted). The IG's investigation of Plaintiff's claims does not

---

[1] We need not, and do not, decide whether the "special circumstances" exception to administrative exhaustion survives *Woodford v. Ngo*, 548 U.S. 81, because Plaintiff "could not have prevailed even under our pre-*Woodford* case-law." *Ruggiero v. County of Orange*, 467 F.3d 170, 176 (2d Cir. 2006).

constitute such a special circumstance. It was clear from the subject matter of Plaintiff's lawsuit that the IGP required him to pursue his claims before the CORC. *See Amador v. Andrews*, 655 F.3d 89, 102-03 (2d Cir. 2011) (refusing to excuse an inmate's failure to exhaust notwithstanding an IG investigation of her claim). "While [the IGP] is a somewhat complex scheme, it hardly constitutes special circumstances." *Id.* at 103. Permitting an IG investigation to substitute for IGP exhaustion would allow prisoners to bypass the CORC's review and the IGP's multi-step adjudicatory process. Those features of the IGP "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" and "reduce the quantity and improve the quality of prisoner suits." *Woodford*, 548 U.S. at 93, 94 (internal quotation marks omitted).

The other circumstances of Plaintiff's case do not justify departing from the IGP's requirements. The IGP provides a clear timeline for appealing grievances to the CORC, which applies even when the prisoner does not receive a timely decision from the IGRC or a superintendent. *See* 7 N.Y. Comp. Codes R. & Regs. §§ 701.5, 701.6(g). Plaintiff therefore had an unimpeded path to the CORC, notwithstanding his claims that the Great Meadow grievance clerk failed to process his complaint and that the Clinton superintendent ignored his appeal. His letters to DOCS officials are no substitute for following that route. *See Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (rejecting the argument that prisoners can take "enough informal steps to put prison officials on notice of their concerns, regardless of whether they utilize[d] the prison's formal grievance procedures" (internal quotation marks omitted)). Plaintiff also argues that he appealed from a disciplinary hearing related to the grievance, which should substitute for administrative exhaustion, and that his transfer to Clinton constituted a partial resolution of his claim. Appealing from a disciplinary hearing, however, only justifies non-compliance with the grievance procedures

when a prisoner "reasonably interpret[s] [DOCCS] regulations to mean that his only administrative recourse was to appeal his disciplinary conviction." *Giano v. Goord*, 380 F.3d 670, 676 (2d Cir. 2004). Plaintiff is no stranger to the IGP and does not claim that he believed the disciplinary appeal substituted for IGP compliance. As for the transfer to Clinton, even a partial favorable grievance resolution does not excuse failing to exhaust the IGP "so long as some remedy remains available." *Ruggiero*, 467 F.3d at 177. Because Plaintiff could have obtained additional relief through formal channels, like discipline against the officers, he was not justified in failing to appeal to the CORC. *See id.* at 177-78. The district court was therefore correct to decide that, even under our pre-*Woodford* case law, the circumstances of Plaintiff's case did not justify his failure to comply with the IGP.

We have reviewed the petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7