Frye v. Lagerstrom

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Joseph Frye,

> *Plaintiff–Counter-Defendant–Appellee*,

> v.                                                                    18-2148

Benjamin F. Lagerstrom, AKA Benjamin Irish,

> *Defendant–Counter-Claimant–Appellant*,

> v.

Andrea Simon, Matthew Blank,

> *Third-Party Defendants–Counter-Defendants–Appellees*,

**CBS INC./SHOWTIME, David Nevins, Tim Cruthers,**

*Counter–Defendants-Appellees.\**

| | |
|---|---|
| **FOR PLAINTIFF–COUNTER-DEFENDANT –APPELLEE FRYE:** | Danny Jiminian, Esq., New York, NY. |
| **FOR DEFENDANT–COUNTER-CLAIMANT –APPELLANT LAGERSTROM:** | Benjamin F. Lagerstrom, pro se, New York, NY. |
| **FOR THIRD-PARTY DEFENDANTS– COUNTER-DEFENDANTS–APPELLEES ANDREA SIMON, AND MATTHEW BLANK, AND** | |
| **COUNTER-DEFENDANTS-APPELLEES CBS INC./ SHOWTIME, DAVID NEVENS, AND TIM CRUTHERS:** | R. Scott Thompson, Lowenstein Sandler LLP, Roseland, NJ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on June 28, 2018, is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for further proceedings.

Appellant Benjamin Lagerstrom, proceeding pro se, appeals the district court's judgment granting Appellees' motions to dismiss his counterclaims and third-party complaint; granting Appellees' motion to strike his third-party complaint; denying his motion for summary judgment; and granting Appellee Joseph Frye's motion for summary judgment as to his copyright infringement and breach of contract claims against Lagerstrom. We assume the parties'

---

\* The Clerk of Court is directed to amend the caption as reflected above.

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

In his appellate brief, Lagerstrom does not mention the district court's denial of his motion for summary judgment on his counterclaims and third-party claims. He refers in passing to the court's grant of the motions to dismiss and strike, but he presents no argument explaining why the court's decision on these motions was incorrect. While this Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotations omitted), pro se appellants must still comply with Fed R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). The Court therefore "normally will not[] decide issues that a party fails to raise in his . . . appellate brief." *Id.*; *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief). Accordingly, we affirm the judgment with respect to the district court's rulings on the motions to dismiss and strike and Lagerstrom's motion for summary judgment.

We vacate and remand for further proceedings, however, with respect to the district court's grant of Frye's motion for summary judgment. As we have previously observed, "it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999) (internal quotation marks omitted). For that reason, we held in *Vital*

3

that either the opposing party or the district court must explicitly advise the pro se litigant that he is "required to present counter-affidavits or other documentary evidence as to *every* genuine issue of material fact that he wishe[s] to preserve for trial." *Id*. at 621. Failure to provide this notice is "ordinarily grounds for reversal" of a grant of summary judgment adverse to the pro se litigant. *Id.* at 620; *see also Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (failure to give notice "will usually constitute grounds for vacatur"). In the absence of such notice, reversal is not required only where the pro se litigant has demonstrated an adequate understanding of the motion through "the nature of the papers submitted by the litigant and the assertions made therein as well as the litigant's participation in proceedings." *Vital*, 168 F.3d at 621; *see Sawyer v. Am. Fed'n of Gov't Employees, AFL-CIO*, 180 F.3d 31, 35–36 (2d Cir. 1999) (finding lack of notice harmless where the plaintiff "filed a number of documents in response to the defendants' motion," demonstrating that he "knew that he was required to produce evidence supporting the issues of material fact that he needed to preserve for trial").

Here, a careful review of the record does not reveal that the district court or the litigants provided Lagerstrom with notice of the nature and potential consequences of summary judgment proceedings. Although Lagerstrom submitted two exhibits and an affirmation asserting generally that all his past and future statements to the district court were true, these submissions do not demonstrate any understanding on Lagerstrom's part that he was required to counter Frye's motion with evidence as to every issue of fact that he wished to preserve for trial. Moreover, as the district court noted in its order granting summary judgment, Lagerstrom did not file a response to Frye's Local Rule 56.1 statement and did not submit evidence in support of his asserted defenses. Although Lagerstrom filed a cross-motion for summary judgment in which he referred to Federal

Rule of Civil Procedure 56, in that motion he again did not demonstrate an adequate understanding of the rule by providing evidence in support of his factual contentions. *See McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir. 1999) (ruling that a pro se litigant's "awareness" of Rule 56, without more, does not establish that the litigant fully understood the consequences of summary judgment). To the contrary, and demonstrating his misapprehension, Lagerstrom argued that he was entitled to summary judgment based on the third-party defendants' alleged "failure to defend." That Lagerstrom submitted evidence in support of his other motions also does not establish that Lagerstrom sufficiently understood the consequences of losing a motion for summary judgment. *Cf. Hernandez v. Coffey*, 582 F.3d 303, 308–09 (2d Cir. 2009) (reversing for lack of *Vital* notice where the district court relied upon affidavits submitted earlier in the litigation). Because Lagerstrom is a pro se litigant for whom an unfavorable ruling would result in an adverse order for injunctive relief and a money judgment against him for over $30,000 in damages and attorney's fees, *Vital* required that Lagerstrom receive explicit warning about the requirements to respond to, and consequences of losing, the adverse motion for summary judgment.

Because we find that Lagerstrom did not receive *Vital* notice and the record does not demonstrate that he understood the nature and consequences of a summary judgment motion, we must vacate the district court's grant of summary judgment in Frye's favor. *See McPherson*, 174 F.3d at 281–82; *Vital*, 168 F.3d at 620–21. Frye may again seek summary judgment upon remand. We take no position regarding the merits of this case.

5

For the foregoing reasons, the district court's June 28, 2018 judgment is **AFFIRMED IN PART** and **VACATED IN PART**, and the cause is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court